UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CALVIN LOUIS MISSOURI                                                                   PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 3:18CV65-TSL-RHW

OFFICER UNKNOWN DOMINO and
OFFICER UNKNOWN TYLER                                                               DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Calvin Louis Missouri, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants Kenneth Domino and Reginald Tyler pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Doc. [1].  Defendants were officers employed at the Federal Correctional Center-Yazoo City (FCC-Yazoo City) during the relevant time frame.  Plaintiff alleges that on November 15, 2016, while in handcuffs and leg irons, he was exiting a transport van.  According to Plaintiff, Defendants intentionally allowed him to fall.  Specifically, as he stepped down from the van, Defendants quickly pulled their hands back, causing him to crash to the pavement.  Plaintiff further alleges that Defendants did not obtain immediate medical treatment for him and that he had to wait until he returned to FCC-Yazoo City before receiving medical care.  Plaintiff alleges he sustained cracked ribs, a sprained wrist, a sprained ankle, and abrasions resulting from the fall.  Plaintiff sues Defendants in their individual capacities and seeks monetary damages.

Defendants have filed motions to dismiss, or in the alternative for summary judgment, arguing that Plaintiff failed to exhaust the Bureau of Prison's (BOP) administrative remedies prior to filing this lawsuit.  Doc. [18] [20]. Specifically, Defendants contend that Plaintiff filed an administrative remedy, BP-9 form, but he failed to appeal the Warden's response to the

Regional Director. Plaintiff does not dispute that he failed to appeal the Warden's decision but argues that certain exceptions to the exhaustion requirement should apply to his claims.

## Law and Analysis

### Standard of Review

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

With respect to motions for summary judgment, Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union*

*Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

## Exhaustion

Defendants argue that Plaintiff failed to exhaust the BOP's administrative remedies for his claims against the Defendants. No action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). This exhaustion requirement extends to *Bivens* suits brought by federal prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is mandatory, even if the inmate seeks monetary relief. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). That is, "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted). The purpose of the exhaustion requirement is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to encourage the efficient resolution of claims. *Woodford*, 548 U.S. at 89. The Fifth Circuit

takes "a strict approach to the exhaustion requirement." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

Defendants have presented summary judgment evidence demonstrating that Plaintiff filed only a single administrative remedy with respect to the incident of November 15, 2016. Doc. [18-2] at 3; [20-2] at 3. In his request for administrative remedy, Plaintiff stated that Defendants Tyler and Domino "need to be reprimanded and sanctioned for their actions, including a full out investigation". Doc. [20-2] at 11. He also asked as a remedy "to be moved closer to my home and safer from the irresponsible staff members at this Facility". *Id.* The Warden responded to Plaintiff's request for administrative remedy by informing Plaintiff that his allegation of misconduct "has been reviewed for appropriate disposition in accordance with policy." *Id.* at 7. The Warden further informed Plaintiff that the response was "for informational purposes only" and that Plaintiff "may appeal to the Regional Director" if dissatisfied with the Warden's response. *Id.* Defendants summary judgment evidence demonstrates Plaintiff did not appeal the Warden's decision to the Regional Officer and therefore did not exhaust administrative remedies. Doc. [18-2] at 3; [20-2] at 3.

In his response, Plaintiff fully admits that he did not appeal the Warden's decision. He argues that "he was satisfied with the Warden's response and there was absolutely nothing to appeal to the regional office." Doc. [22] at 1; Doc. [23] at 1. According to Plaintiff, the internal investigation ordered by the Warden "would be the best result Plaintiff could achieve". *Id.* Plaintiff also argues that he is not required to exhaust administrative remedies because he brought his complaint against the Defendants in their individual capacities. Moreover, he argues that the administrative remedy process offers no monetary relief; therefore, it is inappropriate.

4

Plaintiff has admitted in his response that he failed to complete the administrative remedy process. Although he asserts that he was satisfied with the Warden's response, Plaintiff's assertion is belied by the fact that he filed the instant lawsuit against Defendants Domino and Tyler. Plaintiff indicates that an internal investigation took place; however, the Warden's response merely states that Plaintiff's complaint would "be reviewed for appropriate disposition in accordance with policy." There is no mention of an "internal investigation". Even if an internal investigation took place, Plaintiff's ARP sought more than a mere investigation. Rather, he requested that the Defendants be reprimanded and sanctioned, and that Plaintiff be moved to a different facility. The Warden's response provides no indication of the results, conclusions, or disciplinary actions taken from the investigation. Plaintiff's assertion that he was somehow satisfied with an investigation, the results and conclusions of which are completely unknown, does not satisfy the exhaustion requirement. Moreover, Plaintiff is not excused from fully exhausting administrative remedies simply because he sued the officers in their individual capacities. *See Porter*, 534 U.S. at 532; *Nwaokocha v. Sadowski*, 369 F.Supp.2d 362, 367 (E.D.N.Y. 2005) ("In order for a *Bivens* claim against a defendant in an individual capacity to stand, a plaintiff must exhaust his or her administrative remedies as required by the Bureau of Prisons regulations."). Likewise, he is not excused from exhausting administrative remedies simply because the BOP's administrative remedy process offers no monetary relief. *See Booth*, 532 U.S. at 740-41 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' [18] [20] Motions to Dismiss and/or for Summary Judgment be GRANTED and that Plaintiff's complaint be dismissed for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of November 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE